**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT HERD, | No. 14-17382 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01674-AWI-BAM |
| v. | |
| JAMES D. HARTLEY, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Scott Herd, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

and state law claims arising from defendants' interference with his outgoing mail.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We reverse and remand.

Dismissal of Herd's First Amendment claim for interference with his outgoing mail was premature because Herd's allegations regarding defendants' failure to send a confidential mail package, liberally construed, were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (prisoners have "a First Amendment right to send and receive mail"). Accordingly, we reverse and remand for further proceedings on Herd's First Amendment claim for interference with his outgoing mail. Moreover, because the district court declined to exercise supplemental jurisdiction over Herd's state law claims, we remand for the district court to consider these claims in the first instance.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**REVERSED and REMANDED.**

14-17382